IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK MILETAK,

    Plaintiff,

v.

COMMUNICATION WORKERS OF AMERICA (CWA)

    Defendant.

No. C 13-4865 SI

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

Now before the Court is defendant's motion to dismiss the first amended complaint. For the reasons set forth below, the Court GRANTS defendant's motion and DISMISSES the first amended complaint with prejudice.

**DISCUSSION**

On October 18, 2013, plaintiff Nick Miletak filed a *pro se* complaint against his former union, Communication Workers of America, Local 9423 ("CWA"), and Joe Beirne.[1] The original complaint alleged that CWA breached its duty of fair representation and breached a collective bargaining agreement by withdrawing two grievances that CWA filed on behalf of plaintiff against his former

---

[1] The parties subsequently stipulated to the dismissal of Beirne. Docket No. 30.

1 employer, AT&T. The complaint also alleges that CWA inflicted emotional distress on plaintiff by 2 withdrawing the grievances.

3 In an order filed April 22, 2014, the Court dismissed the complaint and granted plaintiff limited 4 leave to amend. The Court held that the claims for breach of the duty of fair representation and breach 5 of contract based on the grievances withdrawn on August 12, 2012, August 27, 2012, and October 12, 6 2012,[2] were time barred because this lawsuit was filed after the expiration of the six month statute of 7 limitations governing such claims. *See* 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. of Teamsters*, 462 8 U.S. 151, 169-70 (1983); *Allen v. United Food & Commercial Workers Int'l Union, AFL-CIO, CLC*, 9 43 F.3d 424, 426 (9th Cir. 1994). The Court also rejected plaintiff's argument that the continuing 10 violation doctrine applied to allegations that a union breached the duty of representation. *See Harper* 11 *v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985) ("Harper claims, however, that the Union 12 continually breached its duty of fair representation by continuing to fail to pursue his grievance. This 13 continuing breach theory finds no support in the case law, and it contradicts one of the premises of the 14 hybrid § 301 lawsuit."). The Court granted plaintiff "leave to amend the complaint if plaintiff can allege 15 that he actually filed or attempted to file grievances that are distinct from the grievances alleged in the 16 complaint, and that those grievances were filed within the six month statute of limitations." Docket No. 17 51 at 6:2-5.

18 The Court also dismissed without leave to amend plaintiff's claims for emotional distress arising 19 from the withdrawal of the grievances. The Court found that those claims were preempted by federal 20 labor law because the Court would be required to interpret the CBA in order to determine liability. *See* 21 *Adkins v. Aireles*, 526 F.3d 531, 539 (9th Cir. 2008) ("LMRA § 301 preempts state-law claims that are 22 "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor 23 contract[.]") (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). The Court granted 24 plaintiff "leave to amend the emotional distress claims only if the alleged conduct does not require 25 interpretation of the CBA." Docket No. 51 at 7:24-25.

---

28 [2] The complaint alleged that plaintiff was notified on two occasions that the same grievance was withdrawn.

2

1    On May 19, 2014, plaintiff filed the First Amended Complaint ("FAC"). Docket No. 58. On
2 June 2, 2014, defendant filed a motion to dismiss the FAC. On July 7, 2014, as plaintiff had not filed
3 an opposition, the Court issued an Order to Show Cause Why Case Should Not be Dismissed for Failure
4 to Prosecute. Docket No. P0. In response to that order, plaintiff filed a Notice of Voluntary Dismissal
5 Without Prejudice. Docket No. 62. On July 18, 2014, defendant filed an Opposition to Notice of
6 Voluntary Dismissal, based upon plaintiff's indication to defendant that he planned to file a parallel state
7 court case to attempt to avoid the preclusive effect of a judgment. Docket No. 61.

8    On July 24, 2014, the Court issued an Order Setting Briefing Schedule on Defendant's Motion
9 to Dismiss First Amended Complaint (Document 63), finding that in light of the procedural posture of
10 the case, dismissal without prejudice would be inappropriate. The Court directed plaintiff to file an
11 opposition by August 1, 2014. Plaintiff did not file an opposition.

12    The Court concludes that the FAC should be dismissed with prejudice. As an initial matter, the
13 Court notes that the FAC improperly names an additional new defendant, Robert Hogue, and adds two
14 new causes of action for fraud and deceit, all without leave of Court. Further, the FAC suffers from the
15 same deficiencies as the original complaint. The FAC does not allege that plaintiff attempted to file
16 timely grievances distinct from those alleged in the original complaint. Instead, the FAC contains new
17 allegations regarding the same two grievances that were the subject of the original complaint. In the
18 original complaint, plaintiff alleged that those grievances were withdrawn in August and October 2012.
19 In the FAC, plaintiff alleges that "written notification of withdrawal of both grievances was received
20 December 13, 2012." FAC ¶ 20. Even assuming that plaintiff received notification of the withdrawal
21 of the grievances in December, rather than in August and October 2012 as previously alleged, December
22 13, 2012 is more than six months prior to the filing of the original complaint on October 18, 2013, and
23 thus this claim is time barred. In addition, for the reasons set forth in the Court's April 22, 2014 order,
24 plaintiff's claims were not revived in April 2013 when plaintiff signed a settlement agreement with his
25 former employer, AT&T. *See* Docket No. 51 at 5:10-15.

26    Similarly, the FAC continues to allege that plaintiff suffered emotional distress based upon the
27 withdrawal of the grievances, and thus the emotional distress claims are preempted by federal law for
28 the reasons stated in the April 22, 2014 order. Plaintiff's new fraud and deceit claims were added

without leave of court, and allege that the union engaged in misrepresentation when it informed him that there was no evidence to advance the grievances. As presented, these state tort claims, like the emotional distress claims, would require interpretation of the CBA to determine whether, in fact, there was a basis for pursuing the grievances. Accordingly, the deceit and fraud claims are also preempted by federal labor law.

**CONCLUSION**

For the foregoing reasons the Court DISMISSES the FAC with prejudice.

**IT IS SO ORDERED.**

Dated: September 18, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE